UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1** | Case No. 1:07-cv-925 |
| | Judge Ann Aldrich |
| Plaintiff, | **JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |
| vs. | |
| Jennifer L. Stevens, et al. | |
| Defendants. | |

UNITED STATES DISTRICT JUDGE ANN ALDRICH

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the Township of Austinburg, County of Ashtabula, and State of Ohio:

And known as being a part of Lot No. 74, Austin Township, and bounded and described as follows:

Beginning at a point in the centerline of Road No. 121, Section B, commonly known as Tote Road, said point being 622.77 feet Northerly from an iron pin at the Southeast corner of lot No. 74;

Thence Northerly along the centerline of said Road No. 121, Section B, a distance of 209.93 feet to a point;

Thence Easterly, with an interior angle of 90 deg. 07' 30", a distance of 30 feet to a point;

Thence containing in the same course a distance of 800 feet to an iron pipe;

Thence Southerly with an interior angle of 90 deg. 07' 30", along the North line of said Pelcarsky's land and land of O.J. Hyde, a distance of 800 feet to an iron pin;

Thence continuing in the same course, 30 feet to the place of beginning, forming

E42

an interior angle with the first described line of 89 deg. 52' 30", containing 4.00 acres of land, be the same more of less, but subject to all legal highways.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Jennifer L. Stevens and Christopher Michael Stevens have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Jennifer L. Stevens and Christopher Michael Stevens executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Jennifer L. Stevens and Christopher Michael Stevens executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $242,703.95 plus interest on the principal amount at the rate of 6.9% per annum from October 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance

premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Jennifer L. Stevens and Christopher Michael Stevens.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property.  The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments.  All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action.  In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Ashtabula County Recorder and

Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** 5-8-07

                                          s/Ann Aldrich
                                      Judge Ann Aldrich
                                      UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone:  614-222-4921
Fax:  614-220-5613
Email:  klw-f@mdk-llc.com
Attorney for Plaintiff